[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff and the defendants all move the court to hold their adversary in contempt for violation of orders contained in a stipulated judgment entered to resolve two lawsuits between the parties. On January 2, 2001, the court held an evidentiary hearing on these motions and finds the following facts.
The lawsuits were brought to sort out the disposition of real and personal property formerly belonging to the parties' parents. On May 4, 2000, the court, L.P. Sullivan, J., accepted the parties' stipulated settlement and entered a judgment incorporating the terms of that agreement. Under the agreement, the defendants were to purchase the plaintiffs one-sixth interest in real property located at 43 Ridge Street, Manchester, as well as certain personal property. Additionally, the defendants were to return bank account funds and stock certificates to the plaintiff Further, the defendants were to retrieve and gain possession of specific personal property located at 43 Ridge Street and the plaintiffs residence. Upon satisfaction of these obligations, the parties were to exchange releases.
 I
The plaintiff contends that the defendants have violated the orders of the judgment by failing to transfer to him the bank account funds and an original of a document relating to the parties' agreement regarding settlement of their parents' estates. The funds in question were transferred to the plaintiff at the evidentiary hearing so that claim is now moot.
As to the defendants' failure to return the document purportedly belonging to the plaintiff, the stipulated judgment is silent concerning the document. No order was issued by the court regarding it. Consequently, the defendant cannot be found in contempt for disobeying a nonexistent order. The plaintiffs motion for contempt is denied. CT Page 427
 II
The defendants' motion for contempt claims that the plaintiff has failed to make available to them several pieces of personal property as listed in Exhibit 2. The judgment indicated that these defendants were entitled to possession of items enumerated in an attachment designated as Exhibit
1. The judgment states:
 "On or before July 1, 2000, the plaintiff shall make available to the defendants the items listed on plaintiffs Exhibit I. Plaintiff has the items and defendants will pay a third party to transport these items back to the Ridge Street property."
However, the judgment next provides:
 "On the list of items, those with a checkmark are items which the plaintiff acknowledges still exist. The attorneys for the parties are to verify the existence of the items with the substantial compliance standard applying; however, if many items are missing the parties reserve the right to come back to court regarding the personalty only."
These two provisions appear contradictory. The plaintiff cannot concede all the items listed in Exhibit 1 exist and simultaneously maintain that only those with checkmarks exist. The court construes the agreement and judgment to mean that if the items in Exhibit 1 exist, the defendants are entitled to take possession of them and the plaintiff must make any such items in his possession available to the defendants.
Many of the pieces of property set forth in Exhibit 1 were recovered by the defendants. Exhibit 2 describes those items on Exhibit I which were not located. The plaintiff denies knowledge of the continued existence or location of these items.
Preliminarily, the court must determine whether a contempt motion is the proper procedural mechanism in this case. As noted above, the judgment indicates that "if many items are missing the parties reserve the right to come back to court." The court construes this language to mean that that portion of the judgment pertaining to those personal items may be opened and further litigated to establish the existence and location of the missing items. The court does not interpret this reservation of the right to return to court to include a contempt CT Page 428 proceeding. A contempt proceeding to enforce the judgment could be brought regardless of whether the parties reserved such a right. The reservation must refer to the right to open the judgment for further litigation on the limited issue of personal property disposition.
Therefore, the court denies the defendants' motion to hold the plaintiff in contempt but recognizes the defendants' right to litigate the matter of personal property at a replevin trial.
 ___________________, J. Sferrazza